# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE STREETER, | Case No. 1:18-cv-01276-SKO |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT |
| ANDREW SAUL, Commissioner of Social Security,[1] | |
| Defendant. | (Doc. 1) |
| _____/ | |

## I. INTRODUCTION

On September 18, 2018, Plaintiff Connie Streeter ("Plaintiff") filed a complaint under 42 U.S.C. §§ 405(g) and 1383(c) seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her applications for disability insurance benefits ("DIB") and Supplemental Security Income (SSI) under the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which

---

[1] On June 17, 2019, Andrew Saul became the Commissioner of the Social Security Administration. *See* https://www.ssa.gov/agency/commissioner.html (last visited by the court on September 12, 2019). He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[2]

## II. BACKGROUND

Plaintiff was born on August 1, 1971, completed high school, and previously worked as a hotel front desk clerk, a medical assistant, and as a stock clerk. (Administrative Record ("AR") 24, 43, 44, 54, 58, 69, 80, 219, 224, 225, 240.) Plaintiff filed a claim for DIB on January 13, 2015, and for SSI payments on January 31, 2015, alleging she became disabled on April 3, 2010, due to chronic back pain, chronic knee pain, high blood pressure, obesity, fatigue, and depression. (AR 15, 54–81, 201–210, 219–228, 240–57.)

At the hearing, Plaintiff amended the alleged onset date of disability to January 13, 2015 and withdrew her claim for DIB, which was dismissed. (AR 15, 44.)

**A. Relevant Medical Evidence[3]**

On May 12, 2017, orthopedic surgeon Arthur I. Garfinkel, M.D. performed a consultative physical examination of Plaintiff. (AR 573–75.) He noted Plaintiff was unable to work because of bilateral knee pain, bilateral shoulder pain, and numbness in both hands. (AR 573.) Plaintiff reported that her "upper extremity symptoms are secondary to chronically using a cane," which she has done for the past five years. (AR 573.)

Upon examination, Dr. Garfinkel described Plaintiff as a "well-developed markedly obese female in no acute distress." (AR 574.) Her gait was stiff and antalgic, she was unable to tandem walk, and she had difficulty with toe and heel standing. (AR 574.) Dr. Garfinkel found Plaintiff unable to squat because of bilateral knee pain. (AR 574.) She used a single-point cane to help with her balance. (AR 574.)

With respect to Plaintiff's knees, Dr. Garfinkel noted they were "tender, swollen, and warm." (AR 574.) He found crepitus with range of motion, which was guarded and decreased. (AR 574.) Dr. Garfinkel found Plaintiff's left knee had a "slight genu varum deformity." (AR 574.) He diagnosed Plaintiff with osteoarthritis in both knees and with morbid obesity. (AR 574.)

---
[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (Docs. 7, 8.)
[3] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

Dr. Garfinkel opined that Plaintiff should be precluded from activities requiring squatting, kneeling, climbing, balancing, creeping, and crawling. (AR 574.) Plaintiff should also be precluded from activities requiring standing and/or walking more than two hours in an eight-hour period, with no more than 30 minutes of weightbearing at any one time. (AR 575.) According to Dr. Garfinkel, Plaintiff should be allowed to change position as needed for comfort while sitting and should be limited in terms of pushing and pulling with her lower extremities. (AR 575.) He further opined that Plaintiff's cane was "medically necessary because of her knee pain as well as her poor balance from her morbid obesity," as she is "markedly top heavy." (AR 575.)

**B.    Administrative Proceedings**

The Commissioner denied Plaintiff's application for benefits initially on June 16, 2015, and again on reconsideration on August 26, 2015. (AR 99–104, 106–112.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 113–129.) The ALJ conducted a hearing on May 30, 2017. (AR 40–52.). Plaintiff appeared at the hearing with her non-attorney representative and testified. (AR 43–47.) A vocational expert ("VE") also testified. (AR 47–51.)

**C.    The ALJ's Decision**

In a decision dated November 15, 2017, the ALJ found that Plaintiff was not disabled, as defined by the Act. (AR 15–25.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 416.920. (AR 18–25.) The ALJ decided that Plaintiff had not engaged in substantial gainful activity since January 13, 2015, the amended alleged onset date (step one). (AR 18.) At step two, the ALJ found Plaintiff's following impairments to be severe: osteoarthritis and morbid obesity. (AR 18–19.) Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 19.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[4] and applied the RFC

---

[4] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id*. "In determining a claimant's

3

assessment at steps four and five. *See* 20 C.F.R. § 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the RFC:

> to perform at a reduced level: sedentary work as defined in 20 C.F.R. [§§] 404.1567(a) and 416.967(a) except could not be weight bearing for more than thirty minute [sic] at any given time, changing positions as needed, and no pushing or pulling with the lower extremities. She could never squat, kneel, climb, kneel [sic], balance, or crawl.

(AR 19–20.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to produce the . . . alleged symptoms[,]" she rejected Plaintiff's subjective testimony as "not consistent with the medical evidence and other evidence in the record." (AR 20.)

The ALJ found that Plaintiff could not perform her past relevant work as a motel clerk, medical assistant, and stock clerk. (AR 24). Nonetheless, the ALJ determined that Plaintiff could perform alternate jobs that exist in significant numbers in the national economy, such as order clerk, charge account clerk, and call out operator. (AR 24–25). Ultimately, the ALJ concluded that Plaintiff was not disabled at any time through the date of her decision. (AR 25.)

Plaintiff sought review of this decision before the Appeals Council, which denied review on August 10, 2018. (AR 1–6.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 416.1481.

### III. LEGAL STANDARD

#### A. Applicable Law

An individual is considered "disabled" for purposes of disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [her] physical or

---

RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

4

mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing her past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [his] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.     Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence is defined as being

more than a mere scintilla, but less than a preponderance." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citing *Tackett*, 180 F.3d at 1098). "Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund*, 253 F.3d at 1156 ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins*, 466 F.3d at 885). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether

substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

"Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. of N.Y. v. NLRB, 305 U.S. 197, 229 (1938)). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted).

## IV. DISCUSSION

Plaintiff contends that the ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, for implicitly rejecting the opinion of consultative examiner Dr. Garfinkel that Plaintiff's cane is "medically necessary because of her knee pain as well as her poor balance from her morbid obesity." (Doc. 16 at 20–22; Doc. 20 at 3–5.) The Court agrees.

### A. The ALJ Did Not Properly Account for the Consultative Examiner's Opinion in Determining Plaintiff's Residual Functional Capacity

#### 1. Legal Standard

The weight given to medical source opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. *Holohan*, 246 F.3d at 1202.

An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester*, 81 F.3d at 830; *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Even if a treating or examining physician's opinion is contradicted, that opinion can be rejected only "for

specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31. The ALJ can meet this burden by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

### 2. Analysis

In her decision, the ALJ specifically noted Dr. Garfinkel's opinion regarding Plaintiff's need for a cane and purported to give "great weight" to the opinion. (AR 23.) The ALJ explained that he gave Dr. Garfinkel's opinion such weight because "it is consistent with the record, which indicates [Plaintiff] has chronic knee pain and some limited range of motion, due to osteoarthritis." (AR 23.) The ALJ specifically observed that while Plaintiff at one point "did not require a cane for knee pain," the "combination of knee pain and obesity could warrant cane use." (AR 23.)

However, nothing in the ALJ's RFC accommodates Dr. Garfinkel's opined need for a cane. While the ALJ need not accept the full extent of Dr. Garfinkel's opinion, the ALJ may not reject it, or significant parts of it, without giving specific and legitimate reasons for doing so. *See Lester*, 81 F.3d at 830–31. Accordingly, the ALJ erred by not providing specific and legitimate reasons, supported by substantial evidence, for implicitly rejecting this portion of Dr. Garfinkel's opinion. *See, e.g., Betts v. Colvin,* 531 F. App'x 799, 800 (9th Cir. 2013) (holding that the ALJ erred in disregarding aspects of an examining physician's opinions, to which the ALJ gave the "greatest weight," without providing any explanation, and the ALJ's finding regarding the plaintiff's RFC therefore failed to take into account certain limitations identified by the examining physician); *Bain v. Astrue*, 319 F. App'x. 543, 545–46 (9th Cir. 2009) (remanding for further proceedings when ALJ, among other things, "specifically credited" examining physician's finding that Plaintiff had moderate impairment in ability to interact with public, supervisors, and coworkers but "failed to include [it] in the RFC finding"); *Johnson v. Berryhill*, No. 16-cv-2615 BTM(JMA), 2017 WL 3478762, at *3 (S.D. Cal. Aug. 14, 2017) (finding "legal error" where the ALJ gave "great weight" to consultative examiner's opinions, but failed to incorporate in her RFC assessment his finding that Plaintiff was limited to occasional reaching with the right upper extremity); *Burley v. Berryhill*, No. 2:16–cv–485–EFB, 2017 WL 3172983, at *4 (E.D. Cal. July 26, 2017) ("While the ALJ

8

1 purported to give substantial weight to Dr. Kalman's opinion, the ALJ omitted from her RFC
2 determination any limitation regarding plaintiff's ability to interact with co-workers and
3 supervisors, a limitation specifically assessed by Dr. Kalman. Furthermore, the ALJ's RFC
4 determination assumes no impairment in plaintiff's ability to perform such interactions. Thus, the
5 ALJ rejected Dr. Kalman's opinion in that regard, but did so without any reason, much less a
6 specific and legitimate one. This constitutes reversible error.").

Defendant contends the Court should affirm the ALJ's RFC determination because it was consistent with the opinion of consultative examiner Dr. Rajeswari Kumar, and thus was supported by substantial evidence. (Doc. 18 at 15–20.) While the ALJ's failure to include the cane use limitation in the RFC determination was arguably consistent with the opinion of Dr. Kumar, who found that Plaintiff could stand and walk at least two hours in an eight-hour day without an assistive device (AR 413), the ALJ gave Dr. Kumar's opinion less weight than Dr. Garfinkel's, a credibility determination neither party has challenged. The ALJ, as Defendant correctly points out, is responsible for making credibility determinations, resolving conflicts in medical testimony, and resolving ambiguities in the first instance. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (citation omitted). Moreover, the ALJ did not cite Dr. Kumar's opinion as reason why Dr. Garfinkel's opined need for a cane was rejected: instead, she noted that, in *contrast* to Dr. Kumar's finding, "the combination of knee pain and obesity *could* warrant cane use." (AR 23 (emphasis added).) On this record, the Court cannot and will not attempt to insert its own post hoc rationale for the ALJ's RFC determination. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Edwards v. Berryhill*, CASE NO. 2:16-CV-01102-DWC, 2017 WL 615382, at *4 (W.D. Wash. Feb. 15, 2017) (same).

The Court agrees with Plaintiff that the ALJ's legal error was not harmless. An ALJ's error is not harmless "unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1056; *see Robbins*, 466 F.3d at 885 (holding that an ALJ's error is harmless if it was "inconsequential to

the ultimate nondisability determination"). If fully credited, Dr. Garfinkel's opinion supports the medical necessity of the use of a cane for knee pain and balance, which is a more extensive limitation than reflected in the ALJ's RFC. Defendant's policy rulings demonstrate that the use of a "medically required hand-held assistive device," while it does not rule out the ability to perform sedentary work, may nevertheless "significantly erode" the occupational base for an individual who must us such a device. TITLES II & XVI: DETERMINING CAPABILITY TO DO OTHER WORK- IMPLICATIONS OF A RESIDUAL FUNCTIONAL CAPACITY FOR LESS THAN A FULL RANGE OF SEDENTARY WORK, SSR 96-9P (S.S.A. July 2, 1996). "If a claimant has a genuine medical need for a cane, such a limitation should be included in any hypothetical questioning of the VE." *Blanket v. Berryhill*, No. 2:16-CV-00001-LRS, 2017 WL 2234184, at *4 (E.D. Wash. May 22, 2017) (explaining that "[t]he vocational effect of a cane restriction may vary as to each function an individual can perform. It may limit standing, walking, lifting, carrying, pushing or pulling.").

Here, the VE gave no testimony regarding whether the jobs she identified could be performed if Plaintiff required the use of a cane.[5] Thus, it is not clear from the record that the clerk and operator jobs identified by the VE and which the ALJ found Plaintiff could perform are, in fact, jobs that could be performed by a person with all of Plaintiff's limitations, including the use of a cane for knee pain and balance. The error is harmful because "[i]f an ALJ's hypothetical does not reflect all of the claimant's limitations, then 'the [vocational] expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'" *Bray*, 554 F.3d at 1228 (quoting *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991)).

---

[5] Defendant asserts that Plaintiff waived the ability to challenge the ALJ's findings at step five because Plaintiff's non-attorney representative failed to pose a hypothetical question to the VE at the hearing that included the need for a cane, citing *Meanel*, 172 F.3d at 1115. (Doc. 18 at 18–19.) Such contention is without merit. To begin with, Defendant cites no case law extending *Meanel* to non-attorney representatives. *See Markell v. Berryhill*, Case No. 17-cv-00792-MEJ, 2017 WL 6316825, at *9 (N.D. Cal. Dec. 11, 2017). *See also Parent v. Astrue*, CV 10-144-M-JCL, 2011 WL 13136530, at *3 (D. Mont. Aug. 15, 2011) ("Because [the plaintiff] was assisted by a non-attorney representative, rather than attorney, the Court will not go so far as to definitively say that [the plaintiff] has waived his right to raise this argument on appeal."). Even if *Meanel* applied to non-attorney representatives, however, Plaintiff preserved the issue on appeal before this Court because, unlike the claimant in *Meanel*, she raised it before the Appeals Council (*see* AR 271 (arguing to the Appeals Council that the ALJ "erred by not defining what she meant by no balancing in the Sedentary RFC she gave," noting that Plaintiff "uses a cane," and citing SSR 96-9P)). *See, e.g., Jose Alfredo G. v. Saul*, No. 3:19-cv-00852-RBM, 2019 WL 6652086, at *3 (S.D. Cal. Dec. 5, 2019) (claim preserved on appeal to district court when raised before the Appeals Council); *Susan M. v. Berryhill*, No. 6:17-cv-1083-PK, 2018 WL 4692468, at *4 (D. Or. Aug. 24, 2018) (same) (citing *Lamear v. Berryhill*, 865 F.3d 1201, 1206 (9th Cir. 2017)).

Accordingly, the ALJ's failure to proffer any reason for not including the need for a cane assessed by Dr. Garfinkel and/or to explain its rejection constitutes reversible error. *See, e.g., Blanket*, No. 2:16-CV-00001-LRS, 2017 WL 2234184, at *4 (finding reversible error where the ALJ considered the plaintiff's prescription for a cane in formulating his sedentary-level RFC but did not ask the VE to consider the plaintiff's use of a cane in their hypotheticals); *Dillon v. Berryhill*, No. 3:17-cv-00597-LRH-WGC, 2018 WL 3521403, at *7 (D. Nev. June 18, 2018) (remanding for further proceedings where "[n]either the ALJ's discussion with the VE at the hearing, nor the decision itself, discuss the use of the walker because of balance issues arising from the extension of the radicular pain from one to both of Plaintiff's lower extremities, or the extent to which such a finding might erode the occupational base" of sedentary work). *See also Parks v. Berryhill*, No. C18-5006 MJP, 2018 WL 3751985, at *6 (W.D. Wash. Aug. 8, 2018) (concluding the ALJ committed harmful error by failing to incorporate into the RFC portions of the medical opinions that were assigned "great weight," and thus "no vocational testimony in the record establishes whether or not there would be jobs in significant numbers in the national economy that plaintiff can perform."); *Ortiz v. Colvin*, No. CV 13–02809–MAN, 2014 WL 4055782, at *6 (C.D. Cal. Aug. 14, 2014) (finding harmful error where "[t]he VE's testimony, upon which the ALJ relied to make his disability determination, was based on an RFC that did not include all of plaintiff's limitations.").

**B.     Remand for Further Proceedings is Appropriate**

Plaintiff requests the Court remand the case for further proceedings. (Doc. 19 at 6.) When an ALJ commits error that is not harmless, "[t]he decision whether to remand for further proceedings or simply to award benefits is within the discretion of [the] court." *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989) (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). Because further administrative review could remedy the ALJ's error, remand for further administrative proceedings, rather than an award of benefits, is warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). *See also Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981) ("If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded."); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) ("Remand for

further administrative proceedings is appropriate if enhancement of the record would be useful."). Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Brown-Hunter*, 806 F.3d at 495 (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (citation omitted).

Here, remand for further administrative proceedings is appropriate. *See, e.g., Dillon*, 2018 WL 3521403, at *10. On remand, the ALJ shall reconsider the opinion of Dr. Garfinkel regarding Plaintiff's need for the use of a cane for knee pain and for balance, and either credit his opinion or provide specific and legitimate reasons supported by substantial evidence for rejecting it. The ALJ shall reassess Plaintiff's RFC, considering the entirety of Dr. Garfinkel's opinion. The ALJ shall then proceed through steps four and five to determine what work, if any, Plaintiff can perform.

### V. CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED and the case REMANDED to the ALJ for further proceedings consistent with this Order. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Connie Streeter and against Defendant Andrew Saul, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: __**January 6, 2020**__  /s/ *Sheila K. Oberto*  
                                                                      UNITED STATES MAGISTRATE JUDGE